# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., and CHARTER COMMUNICATIONS OPERATING, LLC,<br><br>                                 Plaintiffs,<br><br>v.<br><br>UBEE INTERACTIVE, INC.,<br>                                 Defendant. | Case No. 4:24-cv-00199 |

## COMPLAINT

Plaintiffs Charter Communications, Inc. ("CCI") and Charter Communications Operating, LLC ("CCO") (collectively, "Charter Plaintiffs") by their attorneys, Thompson Coburn LLP and Arnold & Porter Kaye Scholer LLP ("APKS"), as and for their Complaint against Defendant Ubee Interactive, Inc. ("Ubee" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.      This action arises out of Defendant's unjustified refusal to honor its contractual obligation to indemnify, hold harmless, and defend the Charter Plaintiffs for liability and defense costs resulting from patent infringement claims brought against CCI by Entropic Communications, LLC ("Entropic") involving the use of cable modems supplied by Ubee to CCO that the Charter Plaintiffs deployed to offer internet services to their customers.  Entropic sought damages from CCI well in excess of $1 billion.

2.      Pursuant to a Master Purchase Agreement between CCO and Ubee, effective as of October 1, 2016 (the "Ubee MPA"), Ubee sold cable modems (containing Ubee software and hardware components) to CCO that the Charter Plaintiffs used to provide internet services to their customers.

3.     Under the Ubee MPA, Ubee agreed to indemnify, hold harmless, and defend the Charter Indemnitees (as defined in the Ubee MPA) from and against any and all claims, damages, losses, liabilities and expenses, including attorneys' fees resulting from third party claims for patent infringement brought against the Charter Indemnitees that involved the Charter Plaintiffs' use or installation of goods supplied by Ubee.

4.     On April 27, 2022, Entropic commenced an action against CCI, Spectrum Advanced Services, LLC and Spectrum Management Holding Company, LLC in the U.S. District Court for the Eastern District of Texas, Case No. 2:22-cv-00125 (the "Entropic -125 Litigation") seeking damages for alleged infringement of six patents related to certain functions performed by certain accused cable modems and set-top boxes provided to CCO by suppliers, including cable modems supplied to CCO by Ubee.  On May 24, 2022, Entropic filed a first amended complaint in the Entropic -125 Litigation.  On January 10, 2023, Entropic further amended its complaint in the Entropic -125 Litigation to drop Spectrum Advanced Services, LLC and Spectrum Management Holding Company, LLC as defendants, leaving CCI as the sole defendant.

5.     On June 1, 2022, the Charter Plaintiffs timely provided notice to Ubee of a third-party claim for patent infringement related to products sold to CCO by Ubee pursuant to CCO's agreements with Ubee, including the Ubee MPA.  The Charter Plaintiffs attached a copy of the Amended Complaint in the Entropic -125 Litigation, and tendered the case to Ubee for defense and indemnification.  Ubee did not assume defense of the case and did not retain counsel to represent CCI.

6.     Where Ubee fails to assume the defense of indemnifiable litigation, the Charter Plaintiffs are permitted to undertake the defense of the litigation and Ubee is obligated to reimburse

the Charter Plaintiffs for the costs and expenses of that defense incurred by the Charter Plaintiffs, as well as liabilities and losses relating to the third party claim.

7.      When Ubee and the Charter Plaintiffs' other suppliers failed to assume CCI's defense, Ubee and certain other equipment suppliers and the Charter Plaintiffs reached agreement: (a) to retain APKS to represent CCI; (b) as to each equipment supplier's provisional share of defense costs in the Entropic -125 Litigation subject to adjustment if additional equipment by the same or other suppliers was subsequently accused; (c) that those costs would be billed directly to each supplier by APKS; and (d) that the Charter Plaintiffs would pre-pay the non-APKS expenses, including fees from The Dacus Firm as Texas Counsel, and seek reimbursement from each supplier quarterly for each supplier's respective share of the expenses.  Ubee agreed to pay 16.7% of CCI's defense costs (those billed directly by APKS and those billed quarterly by the Charter Plaintiffs) because Ubee's cable modems initially represented 16.7% of the total specifically accused equipment.

8.      In January 2023, prior to Ubee's agreement to have the Charter Plaintiffs pre-pay the non-APKS expenses and seek reimbursement for the vendors quarterly, APKS began sending invoices to Ubee for costs from other third-party vendors.  APKS subsequently ceased that practice after the agreement was reached.  Beginning in February 2023, APKS provided Ubee with monthly invoices for legal fees that CCI incurred in connection with the Entropic -125 Litigation. Beginning in April 2023, the Charter Plaintiffs provided Ubee with a quarterly invoice for the remaining expenses that CCI incurred in connection with the Entropic -125 Litigation.

9.      Despite its agreement to pay its share of defense costs, Ubee made no payments of any invoices from APKS or the Charter Plaintiffs.  Nor did Ubee respond to repeated requests regarding the status of its payments for those invoices.  In May 2023, Ubee confirmed that it was

3

responsible for making such payments, but indicated that it did not then have the budget for making such payments.  In June 2023, Ubee sought to renegotiate its agreement to pay its share of defense costs, which the Charter Plaintiffs refused to do.  Ubee ultimately rejected defense and indemnification.

10.     On February 10, 2023, Entropic filed another action against CCI in the U.S. District Court for the Eastern District of Texas, Case No. 2:23-cv-052 (the "Entropic -052 Litigation").

11.     On April 19, 2023, Entropic filed an amended complaint in the Entropic -052 Litigation.  In the Entropic -052 Litigation, Entropic asserted that CCI's deployment of certain set-top boxes infringed two Entropic patents: U.S. Patent Nos. 11,381,866 and 11,399,206, and that these patents were continuations of U.S. Patent No. 9,210,362, which was at issue in the Entropic -125 Litigation.  Entropic further stated in its infringement contentions in the Entropic -052 Litigation that its claims cover both set-top boxes and cable modems.

12.     On September 29, 2023, the Charter Plaintiffs provided written notice to Ubee of the Entropic -052 Litigation, provided Ubee with a copy of the Amended Complaint and Entropic's infringement contentions, and tendered the case for defense and indemnification.  Ubee has failed to respond to the Charter Plaintiffs' September 29, 2023 letter or retain counsel to defend the Charter Plaintiffs, and has denied its defense and indemnification obligations for that case as well.

13.     Ubee also repeatedly refused to participate in or contribute to any effort to settle the cases with Entropic.  Ubee twice rejected the Charter Plaintiffs' requests to contribute to the settlement.  On December 10, 2023, CCI and Entropic settled the Entropic -125 Litigation, the Entropic -052 Litigation and two other litigations in the Eastern District of Texas, Case Nos. 2:23-cv-00050-JRG and 2:23-cv-00051-JRG (collectively, the "Entropic MoCA Litigations").

14.     On December 29, 2023, the Charter Plaintiffs provided a written demand for Ubee to pay its share of the defense costs and settlement amount in the Entropic -125 Litigation and the Entropic -052 Litigation.  The Charter Plaintiffs informed Ubee of the methodology used to determine Ubee's share of the defense costs and the settlement amount.  The Charter Plaintiffs demanded $10.33 million for Ubee's share of the settlement amount for the Entropic -125 Litigation, $1.98 million for Ubee's share of the settlement amount for the Entropic -052 Litigation, and Ubee's share of the defense costs to date at that time—$1,705,469 for Ubee's share of the defense costs in the Entropic -125 Litigation and $53,879.75 for Ubee's share of the defense costs in the Entropic -052 Litigation

15.     For the Entropic -125 Litigation, Ubee's share of the settlement amount is $10.33 million and Ubee's share of defense costs to date is now $2,189,330.16.  For the Entropic -052 Litigation, Ubee's share of the settlement amount is $1.98 million and Ubee's share of the defense costs to date is now $92,842.42.

16.     Ubee is in material breach of its obligations under the Ubee MPA to indemnify the Charter Plaintiffs for Ubee's share of the defense costs incurred in and settlement of the Entropic -125 Litigation and the Entropic -052 Litigation.

## THE PARTIES

17.     Plaintiff Charter Communications, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Connecticut.  CCI is a Charter Affiliate and a Charter Indemnitee as those terms are defined under the Ubee MPA.

18.     Plaintiff Charter Communications Operating, LLC is a Delaware limited liability company with its principal place of business in Missouri.  CCO is a party to the Ubee MPA.  The sole member of Charter Communications Operating, LLC is CCO Holdings, LLC.

a. CCO Holdings, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of CCO Holdings, LLC is CCH I Holdings, LLC.

b. CCH I Holdings, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of CCH I Holdings, LLC is CCHC, LLC.

c. CCHC, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of CCHC, LLC is Charter Communications Holding Company, LLC.

d. Charter Communications Holding Company, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of Charter Communications Holding Company, LLC is Spectrum Management Holding Company, LLC.

e. Spectrum Management Holding Company, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of Spectrum Management Holding Company, LLC is Charter Communications Holdings, LLC.

f. Charter Communications Holdings, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The members of Charter Communications Holdings, LLC are: CCH Holding Company, LLC; Insight Blocker LLC; CCH II, LLC; and Advance/Newhouse Partnership.

g.  CCH Holding Company, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of CCH Holding Company LLC is CCI.

h.  Insight Blocker LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of Insight Blocker LLC is CCI.

i.  CCH II, LLC is a Delaware limited liability company with its principal place of business in Missouri.  The sole member of CCH II, LLC is CCI.

j.  On information and belief, Advance/Newhouse Partnership is a New York general partnership with two partners.  The two partners are A/NP Holdings Sub LLC and A/NPC Holdings LLC, both of which are Delaware limited liability companies.

k.  On information and belief, the sole member of A/NP Holdings Sub LLC is A/NPC Holdings LLC.  The members of A/NPC Holdings LLC are Newhouse Cable Holdings LLC and Advance Communications Company LLC, both of which are New York limited liability companies.  The sole member of Newhouse Cable Holdings LLC is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York.  The sole member of Advance Communications Company LLC is Advance Local Holdings Corp., a Delaware corporation with its principal place of business in New York.

19.   Defendant Ubee Interactive, Inc. is a California corporation with its principal place of business in Colorado.  Ubee is a telecommunications equipment supplier that supplies equipment, software, and other services to telecommunications carriers and network service providers to facilitate, among other services, internet services.

7

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship because the plaintiffs and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

21.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and provisions of the Ubee MPA.  The disputes between the Charter Plaintiffs and Ubee arise under the Ubee MPA.

## FACTUAL BACKGROUND

**A.     The Charter Plaintiffs' Master Purchase Agreement with Ubee**

22.     Effective as of October 1, 2016, CCO and Ubee entered into the Ubee MPA pursuant to which CCO purchased cable modems and other equipment from Ubee.  CCI signed the Ubee MPA as the manager of CCO.

23.     Under the Ubee MPA, Ubee agreed to indemnify, hold harmless, and defend the Charter Indemnitees (as defined in the Ubee MPA) from and against any and all  claims, damages, losses, liabilities and expenses, including attorneys' fees resulting from third party claims for patent infringement brought against the Charter Indemnitees that involved the Charter Plaintiffs' use or installation of goods supplied by Ubee.

24.     CCO, the Charter Affiliates, and CCO's and the Charter Affiliates' respective present and former officers, directors, shareholders, managers, members, partners, employees and agents are Charter Indemnitees under the Ubee MPA.  CCI is a Charter Affiliate and Charter Indemnitee under the Ubee MPA.

25.     The Ubee MPA requires the Charter Plaintiffs to notify Ubee of a third party claim for patent infringement after the Charter Plaintiffs have knowledge of the claim and, upon notification, requires Ubee to assume defense of the claim.   If Ubee fails to assume defense of the

claim, the Charter Plaintiffs may undertake defense of the claim and Ubee is responsible for paying the Charter Plaintiffs' defense costs and any liabilities and losses resulting from the third party claim.

**B.**     *Entropic v. Charter* **-125 Litigation**

26.     On April 27, 2022, Entropic commenced the Entropic -125 Litigation against CCI. In the Entropic -125 Litigation, Entropic alleges that CCI has and continues to lease, sell, and/or distribute certain cable modems, including the "Arris AB6183 cable modem, Spectrum PC20 (e.g., the Spectrum EU2251) cable modem, and products that operate in a similar manner (the 'Accused Cable Modem Products')" and that CCI's use of the Accused Cable Modem Products infringes three patents held by Entropic, U.S. Patent Nos. 8,223,775, 8,284,690, and 10,135,682.  Ubee supplied the cable modems to CCI identified as the Spectrum EU2251.

27.     On May 24, 2022, Entropic filed a first amended complaint in the Entropic -125 Litigation.  On January 10, 2023, Entropic further amended its complaint to drop Spectrum Advanced Services, LLC and Spectrum Management Holding Company, LLC as defendants, leaving CCI as the sole defendant.

**C.**     **The Charter Plaintiffs Notify Ubee of the Entropic -125 Litigation**

28.     On June 1, 2022, the Charter Plaintiffs provided notice to Ubee of a third-party claim for patent infringement related to products sold to CCO by Ubee pursuant to CCO's agreements with Ubee, including the Ubee MPA.  The Charter Plaintiffs attached a copy of the Amended Complaint in the Entropic -125 Litigation and tendered the case to Ubee for defense and indemnification.

29.     In the June 1, 2022 letter, the Charter Plaintiffs noted that because a number of suppliers, including Ubee, were implicated by the patent infringement claims, it would be more

efficient and cost effective to have the suppliers retain a single law firm to defend the litigation. Alternatively, the Charter Plaintiffs offered to retain a single law firm to represent CCI with respect to all of the accused equipment and have the suppliers contribute to the defense costs at their proportionate share of the accused equipment. The Charter Plaintiffs further stated that Ubee could assume the defense and indemnification of its products. Finally, the Charter Plaintiffs stated that if they did not hear from Ubee, they would nonetheless seek indemnification from Ubee for any defense costs and the cost of any settlement or judgment.

30.     Ubee did not assume the defense of the Entropic -125 Litigation and did not retain counsel to represent CCI. Where, as here, Ubee failed to assume the defense, the Charter Plaintiffs were permitted to undertake the defense and Ubee became responsible for defense costs and expenses incurred by CCI in defending the claim as well as liabilities and losses resulting from the claim.

**D.     Ubee and the Other Equipment Suppliers Each Agree to Pay A Share of CCI's Defense Costs in the Entropic -125 Litigation**

31.     When Ubee and the Charter Plaintiffs' other suppliers failed to assume CCI's defense in the Entropic -125 Litigation, Ubee and certain other equipment suppliers and the Charter Plaintiffs reached agreement: (a) to retain APKS to represent CCI; (b) as to each equipment supplier's provisional share of defense costs in the Entropic -125 Litigation subject to adjustment if additional equipment by the same or other suppliers was subsequently accused; (c) that those costs would be billed directly to each supplier by APKS; and (d) that the Charter Plaintiffs would pre-pay the non-APKS expenses, including fees from The Dacus Firm as Texas Counsel, and seek reimbursement from each supplier quarterly for each supplier's respective share of the expenses.

32.     Ubee agreed to pay 16.7% of CCI's defense costs because Ubee's cable modems initially represented 16.7% of the total accused and deployed devices (cable modems and set-top

boxes) identified in the First Amended Complaint.  In making that calculation, the Charter Plaintiffs noted that additional equipment by the same or other suppliers could be accused in the future, at which time adjustments to the current supplier percentages could be warranted.

33.     In August 2022, the Charter Plaintiffs provided Ubee with updates on the Entropic -125 Litigation, including that the Court had entered a Scheduling Order, a Protective Order, and a discovery order, and that deadlines had been set for discovery, preliminary claim construction, the Markman hearing and trial.  The Charter Plaintiffs also notified Ubee that they were working on a request for a proposal to retain a law firm to represent CCI in the litigation.

34.     In November 2022, the Charter Plaintiffs informed Ubee and other equipment suppliers that they had completed the process to select counsel for the litigation and that they recommended moving forward with APKS to represent CCI in the Entropic -125 Litigation along with The Dacus Firm as Texas counsel.  The Charter Plaintiffs also provided a proposed budget for APKS legal fees (excluding costs and expenses) through a trial of the case to Ubee and certain other equipment suppliers.  Under the Charter Plaintiffs' agreement with APKS, the Charter Plaintiffs are responsible to pay APKS's legal fees and costs.

35.     Ubee agreed to the retention of APKS to represent CCI in the Entropic -125 Litigation and to pay Ubee's provisional allocation of the Charter Plaintiffs' defense costs.

36.     Subsequently, Entropic provided a more precise identification of the allegedly infringing equipment in its expert reports.  Based on that more precise identification, Ubee supplied approximately 50% of the allegedly infringing cable modems that the Charter Plaintiffs deployed. Those allegedly infringing cable modems constitute approximately 25% of the total number of accused and deployed cable modems and set-top boxes.

37.     In January 2023, prior to Ubee's agreement to have the Charter Plaintiffs pre-pay the non-APKS expenses and seek reimbursement for the vendors quarterly, APKS began sending invoices to Ubee for costs from other third-party vendors.  APKS subsequently ceased that practice after the agreement was reached and, therefore, non-APKS expenses were billed quarterly by the Charter Plaintiffs.  Beginning in February 2023, APKS provided Ubee with monthly invoices for APKS legal fees and costs not billed directly to the Charter Plaintiffs incurred in connection with the defense of CCI in the Entropic -125 Litigation.  Beginning in April 2023, the Charter Plaintiffs provided Ubee with quarterly invoices for additional defense expenses that CCI incurred in connection with the Entropic -125 Litigation.  Ubee made no payments of any invoices that it was presented with by APKS or the Charter Plaintiffs, nor did it respond to emails requesting the status of payment.

38.     On numerous occasions during the Spring of 2023, the Charter Plaintiffs raised with Ubee its failure to pay its share of defense expenses in the Entropic -125 Litigation.  In May 2023, Ubee confirmed that it was responsible for making such payments, but indicated that it did not then have the budget for making such payments.  In June 2023, Ubee sought to renegotiate its agreement to pay its share of defense costs in the Entropic -125 Litigation, which the Charter Plaintiffs refused to do, and Ubee ultimately expressly stated its position that it did not owe the Charter Plaintiffs defense and indemnification with respect to the Entropic -125 Litigation.

39.     In July 2023, Entropic subpoenaed Ubee for documents and Ubee produced documents in the Entropic -125 Litigation.  Despite Ubee's refusal to pay its share of defense costs, the Charter Plaintiffs continued to keep Ubee apprised of important developments in the Entropic -125 Litigation.  Specifically, the Charter Plaintiffs provided Ubee with, among other things, the complete briefing on the claim construction, the pleadings relating to invalidity and infringement

contentions, and redacted expert reports.  The Charter Plaintiffs also continued to include Ubee in calls and offered to provide Ubee with any additional information relating to the Entropic -125 Litigation.

**E.**     ***Entropic v. Charter* -052 Litigation**

40.     On February 10, 2023, Entropic filed the Entropic -052 Litigation against CCI.  On April 19, 2023, Entropic filed an amended complaint in the Entropic -052 Litigation.  In the Entropic -052 Litigation, Entropic asserted that CCI's deployment of certain set-top boxes infringed two Entropic patents: U.S. Patent Nos. 11,381,866 and 11,399,206, and that these patents were continuations of U.S. Patent No. 9,210,362, which was at issue in the Entropic -125 Litigation.  Entropic also made clear in its infringement contentions in the Entropic -052 Litigation that it intends to read the claims on both set-top boxes and cable modems.

**F.**     **The Charter Plaintiffs Notify Ubee of the Entropic -052 Litigation**

41.      On September 29, 2023, the Charter Plaintiffs gave written notice to Ubee of the Entropic -052 Litigation, provided Ubee with a copy of the Amended Complaint and Entropic's infringement contentions, and tendered the case to Ubee for defense and indemnification.  The infringement contentions identified Accused Cable Modem Products, including Ubee's "E31U2V1, EU2251, and EU4251" cable modems of infringing Entropic's asserted patents.

42.     In the September 29, 2023 notice, the Charter Plaintiffs noted that, as in the Entropic -125 Litigation, due to the number of implicated suppliers, it was the Charter Plaintiffs' experience that it is more efficient and cost effective to have the suppliers retain a single law firm to defend the litigation with respect to all of the accused equipment and to have the suppliers contribute to the defense costs at their proportionate share of the accused equipment.  The Charter Plaintiffs further noted that as both set-top boxes and cable modems were accused of infringement,

the Charter Plaintiffs believed it was appropriate to allocate 50% of the defense costs to the manufacturers of the Charter Plaintiffs' accused cable modems and 50% of the defense costs to the manufacturers of the Charter Plaintiffs' accused set-top boxes.

43.     As previously communicated to Ubee in the Entropic -125 Litigation, Ubee supplied 50% of the cable modems and approximately 25% of the total number of accused and deployed cable modems and set-top boxes.  Accordingly, the Charter Plaintiffs requested that Ubee pay 25% of the defense costs of the Entropic -052 Litigation.

44.     Finally, the September 29, 2023 letter stated that the Charter Plaintiffs looked forward to working together with Ubee to effectively defend the case and that if the Charter Plaintiffs did not receive a response from Ubee, they reserved all of their rights, including the right to seek reimbursement from Ubee for any defense costs and the cost of any settlement or judgment.

45.     Ubee failed to respond to the Charter Plaintiffs' September 29, 2023 letter or otherwise agree to provide the Charter Plaintiffs with defense and indemnification with respect to the Entropic -052 Litigation.

46.     On October 31, 2023, Entropic filed a Second Amended Complaint in the Entropic -052 Litigation that asserted that newly-issued U.S. Patent No. 11,785,275 was also a continuation of U.S. Patent No. 9,210,362, which was at issue in the Entropic -125 Litigation.  The Second Amended Complaint accuses various devices including Ubee's "E31U2V1, EU2251, and EU4251" cable modems of infringing Entropic's asserted patents.

**G**.     **The Charter Plaintiffs Settle the Litigations With Entropic**

47.     The Charter Plaintiffs engaged in settlement discussions with Entropic and conveyed to Ubee Entropic's offer of settlement.

48.     Ubee twice rejected the Charter Plaintiffs' requests to contribute to the settlement.

14

On November 17, 2023, Ubee stated that it "was unable to commit to any contribution" because "(1) Ubee does not feel comfortable about a proposal involving four cases when Ubee's products are not accused in two of the cases; and (2) the asserted claims across the four actions simply do not justify the proposed allocation of the entire settlement amount among hardware vendors only excluding Charter itself and CMTS suppliers."  On December 4, 2023, Ubee, along with other suppliers, wrote to the Charter Plaintiffs to "collectively deny Charter's request for contribution to Entropic's" settlement offer.

49.     On December 10, 2023, CCI settled the Entropic -125 Litigation, the Entropic -052 Litigation and the Entropic MoCA Litigations.

50.     On December 29, 2023, the Charter Plaintiffs provided a written demand for payment for Ubee's share of the defense costs and settlement amount in the Entropic -125 Litigation and the Entropic -052 Litigation.  The Charter Plaintiffs informed Ubee of the methodology used to determine Ubee's share of the defense costs and the settlement amount.  The Charter Plaintiffs demanded $10.33 million for Ubee's share of the settlement amount for the Entropic -125 Litigation, $1.98 million for Ubee's share of the settlement amount for the Entropic -052 Litigation, and Ubee's share of the defense costs to date at that time—$1,705,469 for Ubee's share of the defense costs in the Entropic -125 Litigation and $53,879.75 for Ubee's share of the defense costs in the Entropic -052 Litigation.

51.     For the Entropic -125 Litigation, Ubee's share of the settlement amount is $10.33 million and Ubee's share of defense costs to date is now $2,189,330.16.  For the Entropic -052 Litigation, Ubee's share of the settlement amount is $1.98 million and Ubee's share of the defense costs to date is now $92,842.42.

52.     Ubee has not made any payment of defense costs or the settlement amount in the

Entropic -125 Litigation or the Entropic -052 Litigation and is in material breach of its obligations under the Ubee MPA.

## COUNT I – Breach of Contract
### (Indemnification Related to Entropic -125 Litigation)

53.     Plaintiffs repeat and reallege paragraphs 1 through 52 as if fully set forth herein.

54.     The Charter Plaintiffs and Ubee entered into the Ubee MPA.

55.     The Ubee MPA is an enforceable agreement between the Charter Plaintiffs and Ubee.

56.     At all relevant times, the Charter Plaintiffs have fully performed all the conditions, covenants, and promises required by the Ubee MPA.

57.     Pursuant to the Ubee MPA, Ubee sold cable modems to CCO that were used by the Charter Plaintiffs to provide internet services to their customers.

58.     Charter Communications, Inc. is a Charter Affiliate and Charter Indemnitee under the Ubee MPA.

59.     On April 27, 2022, Entropic commenced the Entropic -125 Litigation against CCI, alleging that CCI has and continues to lease, sell, and/or distribute certain cable modems, including the "Arris AB6183 cable modem, Spectrum PC20 (e.g., the Spectrum EU2251) cable modem, and products that operate in a similar manner (the 'Accused Cable Modem Products')" and that CCI's use of the Accused Cable Modem Products infringes three patents held by Entropic.  Ubee supplied the cable modems to the Charter Plaintiffs identified as the Spectrum EU2251.

60.     The Charter Plaintiffs provided notice of the Entropic -125 Litigation to Ubee on June 1, 2022 and tendered the case for defense and indemnification.  Ubee did not assume the defense of the Entropic -125 Litigation or retain counsel to represent CCI.

61.     Because Ubee failed to assume CCI's defense, the Charter Plaintiffs undertook the defense and Ubee is required under the  Ubee MPA to  reimburse the Charter Plaintiffs for defense costs and any settlement amount.

62.     Additionally, when Ubee and the Charter Plaintiffs' other suppliers failed to assume CCI's defense of the Entropic -125 Litigation, each agreed to pay for its respective share of the Charter Plaintiffs' defense costs based on the supplier's respective share of the specifically accused equipment.  The Charter Plaintiffs calculated Ubee's share based on the percentage of allegedly infringing equipment identified in paragraph 11 of the First Amended Complaint that Ubee supplied as compared to the total number of allegedly infringing cable modems and set-top boxes that the Charter Plaintiffs deployed.  Ubee supplied 16.7% of the total accused and deployed devices (cable modems and set-top boxes) identified in the First Amended Complaint in the Entropic -125 Litigation.

63.     In making that calculation, the Charter Plaintiffs noted that additional equipment by the same or other suppliers could be accused in the future, at which time adjustments to the current suppliers percentages could be warranted.  Subsequently, Entropic provided a more precise identification of the allegedly infringing equipment in its expert reports.  Based on that information, Ubee supplied approximately 50% of the allegedly infringing cable modems that the Charter Plaintiffs deployed.  Those allegedly infringing cable modems constitute approximately 25% of the total number of accused and deployed cable modems and set-top boxes.

64.     In January 2023, prior to Ubee's agreement to have the Charter Plaintiffs pre-pay the non-APKS expenses and seek reimbursement for the vendors quarterly, APKS began sending invoices to Ubee for costs from other third-party vendors.  APKS subsequently ceased that practice after the agreement was reached and, therefore, non-APKS expenses were billed quarterly by the

17

Charter Plaintiffs.  Beginning in February 2023, APKS provided Ubee with monthly invoices for APKS legal fees and costs not billed directly to the Charter Plaintiffs incurred in connection with the defense of CCI in the Entropic -125 Litigation.  Beginning in April 2023, the Charter Plaintiffs provided Ubee with quarterly invoices for additional defense expenses that CCI incurred in connection with the Entropic -125 Litigation.  Ubee made no payments of any invoices that it was presented with by APKS or the Charter Plaintiffs, nor did it respond to emails requesting the status of payment.

65.   Ubee has refused to pay any of the invoiced amounts for defense costs that the Charter Plaintiffs incurred in defending the Entropic -125 Litigation.

66.   Ubee also repeatedly refused to participate in or contribute to any effort to settle the cases with Entropic.  Ubee twice rejected the Charter Plaintiffs' requests to contribute to the settlement.

67.   On December 10, 2023, the Charter Plaintiffs and Entropic settled the Entropic -125 Litigation, together with the Entropic -052 Litigation and the Entropic MoCA Litigations.

68.   On December 29, 2023, the Charter Plaintiffs provided a written demand for payment for Ubee's share of the defense costs and settlement amount in the Entropic -125 Litigation, together with the Entropic -052 Litigation.  The Charter Plaintiffs informed Ubee of the methodology used to determine Ubee's share of the defense costs and the settlement amount for those litigations.

69.   For the Entropic -125 Litigation, Ubee's share of the settlement amount is $10.33 million and Ubee's share of defense costs to date is $2,189,330.16.

70.   Ubee has refused to pay its share of the defense costs and settlement of the Entropic -125 Litigation and is in material breach of its obligations under the Ubee MPA.

71.     The Charter Plaintiffs suffered damages as a result of Ubee's material breaches. The amount that Ubee owes or will owe in connection with the Entropic -125 Litigation, including liability for its share of the settlement and for defense costs, exceeds $75,000.

**COUNT II – Breach of Contract**
(Indemnification Related to Entropic -052 Litigation)

72.     Plaintiffs repeat and reallege paragraphs 1 through 71 as if fully set forth herein.

73.     The Charter Plaintiffs and Ubee entered into the Ubee MPA.

74.     The Ubee MPA is an enforceable agreement between the Charter Plaintiffs and Ubee.

75.     At all relevant times, the Charter Plaintiffs have fully performed all the conditions, covenants, and promises required by the Ubee MPA.

76.     Pursuant to the Ubee MPA, Ubee sold cable modems to CCO that were used by the Charter Plaintiffs to provide internet services to their customers.

77.     On February 10, 2023, Entropic commenced the Entropic -052 Litigation against CCI, asserting that the Charter Plaintiffs' deployment of certain set-top boxes infringed two Entropic patents: U.S. Patent Nos. 11,381,866 and 11,399,206, and that these patents were continuations of U.S. Patent No. 9,210,362, which was at issue in the Entropic -125 Litigation. Entropic also made clear in its infringement contentions in the Entropic -052 Litigation that it intends to read the claims on both set-top boxes and cable modems. The infringement contentions identified Accused Cable Modem Products, including Ubee's "E31U2V1, EU2251, and EU4251" cable modems of infringing Entropic's asserted patents.

78.     On October 31, 2023, Entropic filed a Second Amended Complaint in the Entropic -052 Litigation that asserted that newly-issued U.S. Patent No. 11,785,275 was also a continuation of U.S. Patent No. 9,210,362, which was at issue in the Entropic -125 Litigation. The Second

19

Amended Complaint accuses various devices including Ubee's "E31U2V1, EU2251, and EU4251" cable modems of infringing Entropic's asserted patents.

79.     Charter Communications, Inc. is a Charter Affiliate and Charter Indemnitee under the Ubee MPA.

80.     The Charter Plaintiffs provided notice of the Entropic -052 Litigation to Ubee on September 29, 2023 and tendered the case for defense and indemnification.  Ubee did not assume the defense of the Entropic -052 Litigation or retain counsel to represent CCI.

81.     Because Ubee failed to assume CCI's defense, the Charter Plaintiffs undertook the defense of the case and Ubee is required to reimburse the Charter Plaintiffs for defense costs and any settlement amount.

82.     Ubee is responsible for payment of 25% of the defense costs in the Entropic -052 Litigation.

83.     Ubee has failed to respond to the Charter Plaintiffs' requests for defense and indemnification and has denied its defense and indemnification obligations.

84.     Ubee also repeatedly refused to participate in or contribute to any effort to settle the cases with Entropic.  Ubee twice rejected the Charter Plaintiffs' requests to contribute to the settlement.

85.     On December 10, 2023, the Charter Plaintiffs and Entropic settled the Entropic -052 Litigation, together with the Entropic -125 Litigation and the Entropic MoCA Litigations.

86.     On December 29, 2023, the Charter Plaintiffs provided a written demand for payment for Ubee's share of the defense costs and settlement amount in the Entropic -052 Litigation, together with the Entropic -125 Litigation.  The Charter Plaintiffs informed Ubee of the methodology used to determine Ubee's share of the defense costs and the settlement amount.

87.     For the Entropic -052 Litigation, Ubee's share of the settlement amount is $1.98 million and Ubee's share of the defense costs to date is $92,842.42.

88.     Ubee has refused to pay its share of defense costs or the settlement of the Entropic -052 Litigation and is in material breach of its obligations under the Ubee MPA.

89.     The Charter Plaintiffs suffered damages as a result of Ubee's material breaches. The amount that Ubee owes or will owe in connection with the Entropic -052 Litigation, including liability for its share of the settlement and for defense costs, exceeds $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court issue judgment for Plaintiffs and against Defendant as follows:

a)   On their first claim for relief, awarding Plaintiffs such damages as are allowed by law and determined to have been sustained by them as a result of Defendant's material breaches of its obligations under the Ubee MPA to pay its share of the defense costs and settlement of the Entropic -125 Litigation;

b)   On their second claim for relief, awarding Plaintiffs such damages as are allowed by law and determined to have been sustained by them as a result of Defendant's material breaches of its obligations under the Ubee MPA to pay its share of the defense costs and settlement of the Entropic -052 Litigation; and

c)   Granting Plaintiffs such other, further, and different relief as it finds just, necessary, and proper under the circumstances.

Dated: St. Louis, Missouri                    Respectfully submitted,
      February 7, 2024

                                      */s/ Sharon B. Rosenberg*
                                        Roman P. Wuller, #36115 MO
                                        Sharon B. Rosenberg, #54598 MO
THOMPSON COBURN LLP
One U.S. Bank Plaza
505 N. 7th Street
St. Louis, MO.  63101
Telephone: (314) 552-6000
Fax: (314) 552-7000
rwuller@thompsoncoburn.com
srosenberg@thompsoncoburn.com

Daniel Reisner (pro hac vice pending)
Michael A. Lynn (pro hac vice pending)
Elizabeth A. Long (pro hac vice pending)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone:  (212) 836-8000
Fax:  (212) 836-8689
daniel.reisner@arnoldporter.com
michael.lynn@arnoldporter.com
elizabeth.long@arnoldporter.com

*Attorneys for Plaintiffs Charter*
*Communications, Inc. and Charter*
*Communications Operating, LLC*