**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, CHARTER DISTRIBUTION LLC, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> UBEE INTERACTIVE, INC., <br><br> Defendant/Counterclaim Plaintiff. | Civil Action No. 4:24-cv-00199-CDP |

**ORDER REGARDING E-DISCOVERY**

**IT IS HEREBY ORDERED** that the joint motion regarding electronic discovery [48] is granted as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this

Court, shall include the following metadata: Begin Bates, End Bates, Begin Attach, End Attach, Parent Bates, Custodian, All Custodians, Email – Subject, From, To, CC, BCC, Date Sent, Time Sent, File Name, File Extension, Doc – Title, Doc – Author, Date Created Date Last Modified, MD5 Hash, Confidentiality Designation, Production Volume, Page Count, Text Link, Native Link.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

   A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   B. **Text-Searchable Documents.** No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

   C. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

   D. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native

format.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame, including cooperating to identify a reasonable number of custodians and search terms.

8. Search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

9. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or

state proceeding.

10. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

11. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2024.