# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, and CHARTER DISTRIBUTION LLC,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>UBEE INTERACTIVE, INC.,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 4:24-cv-00199-CDP |

## PLAINTIFFS' MOTION TO MODIFY THE CASE MANAGEMENT ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs Charter Communications, Inc. and Charter Communications Operating, LLC (collectively, **Charter**) respectfully move for an order modifying this Court's Case Management Order to reflect the dismissal of the Counterclaims asserted by Defendant Ubee Interactive, Inc. (**Ubee**). In support of its motion, Charter states as follows:

1. Charter filed its two-count breach of contract complaint against Ubee on February 7, 2024. ECF No. 1.

2. On May 16, 2024, Ubee answered and asserted four counterclaims against Charter Communications Operating, LLC and Charter Distribution, LLC for failure to pay certain Ubee invoices. ECF No. 28.

3. On June 18, 2024, the parties submitted a Joint Scheduling Plan. ECF No. 37. Because the parties were unable to agree on the presumptive number of depositions per side, each presented its own proposal in that Plan. Charter suggested that the Court should impose a

1

presumptive limit of ten (10) depositions per side for *both* Charter's Complaint and Ubee's Counterclaims, consistent with Federal Rule of Civil Procedure 30. ECF No. 37 at 4 n.1. Ubee suggested that the Court should impose a presumptive limit of ten depositions per side for Charter's Complaint and ten depositions per side for Ubee's Counterclaim, arguing that because "Ubee's permissive counterclaims are factually and legally distinct, involving different transactions, witnesses and evidence . . . each side is entitled to the default limits of ten (10) depositions . . . for ***each*** case (i.e., the complaint and counterclaims, respectively)." *Id*. at 4 n.2. As an "equitable compromise," Ubee proposed presumptive limits of fifteen depositions per side. *Id*. The Court accepted that proposal in its Case Management Order. ECF No. 38.

4. During the June 25, 2024, Rule 16 conference, Ubee also requested that the case be set for a jury trial because it claimed the jury waiver in Section 23 of the parties' October 1, 2016 Master Purchase Agreement (the **MPA**) did not apply to its Counterclaim.

5. Charter has now paid the invoices at issue in Ubee's Counterclaims. The parties therefore stipulated to the dismissal of all four of Ubee's Counterclaims on November 18, 2024. ECF No. 66. And the Court dismissed the Counterclaims on November 20, 2024. ECF No. 68.

6. Under Rule 26, the Court "must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

7. Because Ubee's Counterclaim has been dismissed, there is no longer any basis for a presumptive limit in excess of the ten deposition limit contemplated by Rule 30. The Case Management Order should be amended because the requested modification will avoid undue time and expense associated with Counterclaim-related discovery that is no longer necessary.

8. In a September 25, 2024 email, counsel for Ubee indicated that they agreed that, once the Counterclaims were dismissed, the trial should be changed to a bench trial and the number of interrogatories should be reduced to 25. *See* Exhibit A to Charter's Memorandum in Support. However, counsel for Ubee maintained that 15 depositions was still appropriate, given the number of third parties involved. Counsel for Ubee has reiterated their unwillingness to reduce the number of depositions in numerous subsequent emails to counsel for Charter.

9. There is likewise no longer any basis for a jury trial. The only claims in the case are Charter's indemnification claims under the MPA. The MPA contains an unequivocal jury waiver. Ubee has consented to this portion of Plaintiffs' motion.

10. Charter has met and conferred with counsel for Ubee, who have consented to a bench trial, but not to reducing the number of depositions allowed per side.

WHEREFORE, Plaintiffs Charter Communications, Inc., and Charter Communications Operating, LLC, respectfully request that the Court modify the Case Management Order by reducing the presumptive deposition limit from fifteen (15) per side to ten (10) per side and setting the trial as a bench trial.

Dated: January 9, 2025                              Respectfully submitted,


                                                    By: */s/ John S. Kingston*
                                                    Roman P. Wuller, #36115 MO
                                                    John S. Kingston, #51403 MO
                                                    Eric Hogrefe, #74703 MO
                                                    THOMPSON COBURN LLP
                                                    One U.S. Bank Plaza
                                                    505 N. 7th Street
                                                    St. Louis, MO. 63101
                                                    Telephone: (314) 552-6000
                                                    Fax: (314) 552-7000
                                                    rwuller@thompsoncoburn.com
                                                    jkingston@thompsoncoburn.com
                                                    ehogrefe@thompsoncoburn.com

                                                    Daniel Reisner (admitted pro hac vice)
                                                    Michael A. Lynn (admitted pro hac vice)
                                                    Elizabeth A. Long (admitted pro hac vice)
                                                    ARNOLD & PORTER KAYE SCHOLER LLP
                                                    250 West 55th Street
                                                    New York, New York 10019-9710
                                                    Telephone: (212) 836-8000
                                                    Fax: (212) 836-8689
                                                    daniel.reisner@arnoldporter.com
                                                    michael.lynn@arnoldporter.com
                                                    elizabeth.long@arnoldporter.com

                                                    ATTORNEYS FOR PLAINTIFFS/
                                                    COUNTERCLAIM DEFENDANTS

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                           */s/ John S. Kingston*