UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UBEE INTERACTIVE, INC., )<br>)<br>Defendant. ) | Case No. 4:24 CV 199 CDP |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' July 22, 2025 stipulation of dismissal. ECF 104. The parties have resolved their dispute and seek dismissal of this action with prejudice, each party to bear its own fees and costs. ECF 104. However, the parties also ask the Court to retain "exclusive and continuing jurisdiction" over this matter for the purpose of enforcing their July 17, 2025, settlement agreement in this matter.

A district court's enforcement of a settlement agreement after dismissal is "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Rather, retaining jurisdiction over the enforcement of a settlement involves a court's ancillary subject matter jurisdiction. *See Gilbert v. Monsanto Co.*, 216 F.3d 695, 699 (8th Cir. 2000). A court's decision to retain

ancillary jurisdiction over a settlement agreement is discretionary, and a court is not obligated to retain jurisdiction over a settlement agreement even if both parties so desire.  *See WBB Construction, Inc. v. Bellcomb, Inc.,* 2016 WL 1389760, at *2 (D. Minn. April 7, 2016).

Here, the parties' stipulation fails to demonstrate any necessity for the Court's perpetual retention of exclusive jurisdiction.  The Court will not assume that either party will violate the terms of their settlement agreement.  *See Bellcomb*, 2016 WL 1389760 at *2.  Moreover, if a party violates the agreement, nothing prevents the opposing party from pursuing a remedy in the appropriate forum.  *See id.*[1]

The parties to this matter may agree to bind each other, but they lack the power to bind this Court.  Because the stipulation does not demonstrate that the Court's retention of jurisdiction is warranted, the Court denies the parties' request for dismissal to the extent that it requests such relief.  However, it will dismiss this action with prejudice as otherwise requested by the parties.

Accordingly,

---

[1] Even if the parties have agreed that the appropriate forum to enforce the settlement is *this Court*, that still does not provide an adequate basis for retaining continuing jurisdiction over *this case*.  If the parties reached such an agreement in the case, then the aggrieved party would simply file a new action in the Court based upon the settlement agreement, not this case.  Any such lawsuit should not request direct assignment to the undersigned, as cases to enforce settlement agreements are randomly assigned in keeping with the routine practice of this Court.

**IT IS HEREBY ORDERED** that pursuant to the stipulation of dismissal filed July 22, 2025 [104], this action is dismissed with prejudice, each party to bear its own fees and costs.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2025.